Hoffman, J.
I concur in the conclusion that the order made below should be reversed, upon a course of reasoning which has resulted in the following propositions:
1. It is perfectly clear that the defendant has a right to' an action at law for the value of his buildings, and that the covenants or stipulations in the lease as to an arbitration, could not interfere with such an action, with or without the fact of their having proven unavailing. (Thompson v. Chamock, 8 T. R., 139; Haggart v. Morgan, 1 Seld., 422; Greason v. Keteltas, 17 N. Y. R., 491; Cooper v. Shuttleworth, 31 Eng. L. & Eq. R., 551; Clarke v. Westrope, 37 id,, 313; Coffin v. Talman, 4 Seld., 465.)
2. I consider it doubtful whether the plaintiffs can sustain any action at law, in any-form, for breach of covenant or otherwise, against the defendant. It may be, that under the case of Livingston v. Ralli, (30 Eng. L. & Eq. R., 280,) an action at law could be so shaped as to be tenable. But if so, it would be incomplete, *501 inadequate, and leave the main controversy between the parties undetermined. It would not drive the defendant to assert his right to the value of the buildings, by way of counter-claim. He is not compelled to do this by an answer, but may subsequently resort to his action. (Halsey v. Carter, 1 Duer, 667.) Whatever could be attained, if anything, by an. action at law, would be inconclusive and inoperative upon the main question as to the rights and relations of the parties.
3. The plaintiffs are therefore without any legal redress, or mode of asserting any right upon the case they make, or without any appropriate, fuE and adequate mode of redress, unless they possess it through an equitable action—what could have been the subject of a bEl in Chancery before the Code.
4. The next question then is, Is there any admitted head or doctrine of a court of equity which wiE entitle the plaintiffs to its interference upon the case as made in the complaint?
After a careful study of the lease in question, I find in it a contract, by which the buddings were to be valued at the expiration of the term. I find an obligation on both parties that this shall be done at that period, and- an equal impEed obligation to unite previously in any measure necessary to accomplish this. The method pointed out, viz., by arbitration, could not be enforced in equity, and would not bar an action at law, but it is evidence of the intention and meaning of the contract, that the valuation shall be made at or by the prescribed period. The duty of the defendant to concur in aE legal means to effect this, is as clear to my mind as the duty of the plaintiffs to pay such value.
If the agreement had been in expEcit terms, that the buddings should be valued on or before a designated day, and the parties would unite in any measures for procuring it to be done by the arbitration of A and B,.or a suit in a competent Court, there can be no question that, after demand and refusal to arbitrate, an equitable action could be sustained. I find enough of agreement in the lease to make the same rule applicable.
“ Courts of equity wiE interpose in many cases to decree a specific performance of express and even of imiplied contracts where no actual injury has as yet been sustained, but only is apprehended from the peculiar relations of the parties. This proceeding is commonly caEed a bill quia timet"- (Story Eq. Jur., vol. 2, § 730.) *502 The remark is true, that the principle of a hill of this nature is contract. The ordinary example of a surety compelling the debtor to pay the demand when due, illustrates this position.
5. -It is suggested that, upon this view of the case, there must' be mutuality of obligation. The one party, (the defendant here,) must have a right to go into a court of equity, or the other, (the plaintiffs here,) have no such right.
The doctrine of the necessity of a mutuality of legal obligation in its broad sense, as applicable to contracts, once asserted by Chancellor Kent, is indisputably wrong. Under the' statute of frauds, one party may be bound when the other is wholly freed. (Willard’s Eq. Jur., and cases, p. 267; Woodward v. Aspinwall, 3 Sandf. S. C. R., 272.)
In another sense, the proposition is strictly right. In the meaning that, in cases out of the influence of the statute of frauds, one party may not have an equitable remedy upon a contract, when the other cannot have any remedy at all, it is a rule intelligible and well warranted. But I do not understand that, in order to get relief in equity within this rule, it is essential to show that each party has redress in equity, and no redress at law; or to show that each party has some, but an inadequate, redress at law, and, therefore, a remedy in equity.
On .the contrary, when mutuality consists in the right of one party to get full relief and satisfaction of his contract, yet only through equity, and of the other to get all he can demand, but only at law, I cannot see why the law of mutuality, or reciprocal obligation, is not fully satisfied. The law gives redress. Some human tribunal administers it. It is unimportant which performs the office, or in whose favor. (Story Contr., vol. 2, § 741.)
But suppose this view is unsound, then the rule laid down • by Sir John Leach in Adderly v. Dixon, (1 S. & St., 607,) covers the whole case. He says “ that it has been settled, by numerous decisions, that the remedy in 'equity must be mutual, and that where a bill will lie for a purchaser, it will also lie for the vendor.” This was applied to the case of a seller of rights to future dividends upon a bankrupt’s estate, which debts had been proven. The price was 2s. 6d. in the pound. The purchase money was therefore definite, but damages at law would not accurately represent the value of the future dividends.
*503 6. If I am warranted in deducing from the lease in question, an agreement, such as I have stated, to have the buildings appraised and paid for at or by a definite time, wholly irrespective of the method of doing this pointed out, then the power of the Court to enforce such a contract is indisputable. (Story, § 729.)
Judgment reversed, with liberty to defendant to answer.